UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    - against -

                                                              **MEMORANDUM AND ORDER**
                                                                      16-CR-626 (RRM)

KATY ANN TAAFFE,

               Defendant.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       The Court denies defendant's application to waive her presence at the hearing scheduled for Friday March 15.

       As the government notes in its opposition to the motion, Rule 32.1 allows a defendant to waive a revocation hearing. It is otherwise silent as to defendant's presence at any proceeding related to revocation. Friday's hearing contemplates the possibility of both plea and sentence on multiple violations of supervised release. As Rules 11 and 43 make clear, and as amplified by case law construing those rules, plea and sentence in the context of a violation of a criminal statute are critical stages where the defendant's presence is required. Among other things, the court is required to speak directly to the defendant in open court; rights are explained and waived; and the defendant is required to admit guilt and is given the opportunity to express remorse, seek mercy, and otherwise address the court. Importantly, the court must ensure that a defendant is competent to proceed, assess the voluntariness of any plea and waiver, and evaluate expressions of contrition. A defendant's demeanor is critical to the court in making these determinations.

       Here, Ms. Taaffe seeks to fully absent herself from further proceedings by written waiver. She does not want to appear in person, or by phone or videoconference. The court has not had

the opportunity to assess the voluntariness of her waiver by allocuting her in open court. Ms. Taaffe's mental health issues raise further questions as to the voluntariness of any waiver. In contrast to the cases cited in defendant's brief, Ms. Taaffe, through her own conduct, has not forfeited her right to be present. Nor does Ms. Taaffe suffer from any physical or mental problem that would make it difficult for her to appear. To the contrary, Ms. Taaffe is fully able to appear in court, and has done so on many occasions notwithstanding her mental health issues that have been discussed and documented in the course of her VOSR proceedings. Indeed, more so than many defendants, Ms. Taaffe has been an active participant during her court proceedings, regularly assisting her lawyer in responding to questions, responding to many herself, and frequently expressing herself in colloquy with the court.

Simply put, there are no compelling reasons to excuse Ms. Taaffe's presence, nor is the court willing to accept Ms. Taaffe's written waiver under these circumstances. Moreover, this case is at a critical stage, with a defendant in custody facing a request by the government for a significant custodial sentence. Ms. Taaffe's presence is required, and the court is hopeful that, as before, she will appear voluntarily for tomorrow's conference.

SO ORDERED.

Dated: Brooklyn, New York
      March 14, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge